UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ELKA MAXWELL,<br><br>        Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al.,<br><br>        Defendants. | 2:14-cv-00181-JAD-NJK<br><br>ORDER DENYING MOTION TO COMPEL<br><br>(Docket No. 23) |

Pending before the Court is a Motion to Compel, filed on September 18, 2014. Docket No. 23. For the reasons discussed below, the motion is hereby **DENIED** without prejudice.

The Court's initial inquiry regarding a motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(1) requires that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer" with the non-responsive party. Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

The case law in this District is clear that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171-72 (D. Nev. 1996). This obligation

"promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*. "Only after all the cards have been laid on the table, and a party has meaningfully assessed the relative strengths and weaknesses of its position in light of all available information, can there be a 'sincere effort' to resolve the matter." *Id*. To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.

The Court has reviewed the pending certification of counsel. Docket No. 23, Balducci Decl. at ¶¶ 14-18, Exh. 1. It appears from the certification that the parties have consulted with each other via letter, which is not sufficient to satisfy the "personal consultation" requirement. *See ShuffleMaster*, 170 F.R.D. at 172 (exchange of letters does not satisfy meet and confer requirements). One letter requested a phone conference, but because there never any follow-up, this also does not satisfy the "personal consultation" requirement. *See id.* at 172 ("Again, 'conferring' under Rule 37(a)(2)(B) must be a personal or telephonic consultation during which the parties engage in meaningful negotiations or otherwise provide legal support for their position."). The parties, therefore, have not engaged in an adequate meet and confer for purposes of this motion. Accordingly, the motion to compel is hereby **DENIED** without prejudice.

DATED: September 18, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge