# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| ELKA MAXWELL, | |
| Plaintiff, | Case No. 2:14-cv-00181-JAD-NJK |
| vs. | ORDER GRANTING MOTION TO SEAL |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, et al., | |
| Defendants. | (Docket No. 46) |

Pending before the Court is Defendants' motion to seal exhibit one to their response to Plaintiff's motion for protective order. Docket No. 46.

The document at issue in the motion to seal relates to a non-dispositive motion. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

Defendants make no attempt at a particularized showing of good cause in their motion to seal. *See* Docket No. 46. Defendants rely, instead, on their contention that the designation of the statement in the exhibit was designated confidential under the protective order entered by the Court. *Id.*, at 4.

1    Defendants' contention is clearly incorrect.  The language on which they rely speaks of an instance where a Court has sealed discovery documents after having determined that good cause exists to protect the information from being disclosed to the public "by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1180.  In this case, contrary to the situation discussed in Kamakana and upon which Defendants rely, the Court specifically noted that "there has been no showing, and the Court has not found, that any specific documents or items are secret or confidential.  The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26( c) or that disclosure would cause an identifiable and significant harm." Docket No. 40 at 2.

    Further, "a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket stipulated protective orders are overinclusive by nature and do not include a finding of "good cause").  Because a blanket stipulated protective order does not contain a finding of good cause to keep any particular document confidential, the fact that a court has entered a blanket stipulated protective order and that a party has designated a document confidential pursuant to that protective order does not establish good cause for sealing a particular document. *See, e.g.*, *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D. Nev. June 9, 2014).

    Nonetheless, the Court finds that the document in exhibit one is a statement that Plaintiff made to Las Vegas Metropolitan Police Department's Internal Affairs Bureau.  *See* Docket No. 47.  The statement includes discussion of a complaint based on sexual activity, as well as discussion of mental health issues.  *Id*.  The Court therefore finds that good cause exists to seal this information that overcomes the presumption of public access, and that the document cannot be easily redacted while leaving meaningful information available to the public.  In the future, Defendants are cautioned to make arguments based upon both the applicable caselaw and the applicable and accurate procedure and facts of the case.

1   Accordingly, for good cause shown, Defendants' motion to seal, Docket No. 46, is hereby
2 **GRANTED**.
3   IT IS SO ORDERED.
4   DATED: September 16, 2015.

                                             _____
                                             NANCY J. KOPPE
                                             United States Magistrate Judge