1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ELKA MAXWELL,                                    )
                                                 )
                    Plaintiff,                   )     Case No. 2:14-cv-00181-JAD-NJK
                                                 )
vs.                                              )     ORDER GRANTING IN PART AND
                                                 )     DENYING IN PART MOTION TO
LAS VEGAS METROPOLITAN POLICE                    )     SEAL
DEPARTMENT, et al.,                              )
                                                 )     (Docket No. 51)
                    Defendants.                  )
                                                 )

Pending before the Court is Plaintiff's motion to seal exhibits one, two and three to her reply to Defendants' response to her motion for protective order. Docket No. 51. The Court notes initially that Plaintiff filed her entire reply under seal, despite the fact that she only requests sealing of the exhibits to the reply. *See* Docket No. 50. The Court therefore ORDERS Plaintiff to file her reply on the public docket, no later than September 22, 2015.

The document at issue in the motion to seal relates to a non-dispositive motion. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must make a particularized showing of "good cause" to overcome the presumption of public access. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State*

*Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also Vaccine Ctr. LLC v. GlaxoSmithKline LLC*, 2013 U.S. Dist. Lexis 68298, *9-10 (D. Nev. May 14, 2013) (discussing redaction requirement).

Plaintiff contends that, when the Court granted the protective order in this case, it had already determined that good cause exists such that the documents the parties designated as confidential pursuant to the protective order should be filed under seal.  Docket No. 51 at 4.  Plaintiff's contention is clearly incorrect.[1]  The language on which she relies speaks of an instance where a Court has sealed discovery documents after having determined that good cause exists to protect the information from being disclosed to the public "by balancing the needs for discovery against the need for confidentiality." *Kamakana*, 447 F.3d at 1180.  In this case, contrary to the situation discussed in *Kamakana* and upon which Plaintiff relies, the Court specifically noted that "there has been no showing, and the Court has not found, that any specific documents or items are secret or confidential.  The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26( c) or that disclosure would cause an identifiable and significant harm."  Docket No. 40 at 2.

Further, "a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document." *Foltz*, 331 F.3d at 1133; *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (explaining that blanket stipulated protective orders are overinclusive by nature and do not include a finding of "good cause").  Because a blanket stipulated protective order does not contain a finding of good cause to keep any particular document confidential, the fact that a court has entered a blanket stipulated protective order and that a party has designated a document confidential pursuant to that protective order does not establish good cause for sealing a particular document.  *See, e.g.*, *Rockwell Automation, Inc. v. Beckhoff Automation, LLC*, 2014 U.S. Dist. Lexis 78873, *3-4 (D. Nev. June 9, 2014).

---

[1]Further, Plaintiff should know that the language on which she relies is incorrect, as the Court issued an order on September 16, 2015, specifically stating that Defendants' reliance on this exact language is inaccurate.  Docket No. 48 at 2.

1    Nonetheless, the Court finds that the document in exhibit two is a medical record for Plaintiff.

2  Docket No. 50 at 8-12.  The Court finds that good cause exists to seal this information that overcomes

3  the presumption of public access, and that the document cannot be easily redacted while leaving

4  meaningful information available to the public.  Additionally, the document in exhibit three is a

5  continuity of care plan for Plaintiff that includes medical and diagnosis information about her.  *Id*., at

6  14-16.  The Court finds that good cause exists to seal the information in exhibit three that overcomes

7  the presumption of public access, and that the document cannot be easily redacted while leaving

8  meaningful information available to the public.  The information in exhibit one, however, is a portion

9  of a statement that Tyler Campbell made to Las Vegas Metropolitan Police Department's Internal Affairs

10  Bureau.  *Id*., at 5-6.  The statement includes Officer Campbell's version of the events on which Plaintiff

11  bases her claim, and appears to contain no information that has not been part of the public docket.  The

12  Court therefore finds that good cause does not exist to seal the information in exhibit one.  The Court

13  will, however, allow Plaintiff one last chance to demonstrate whether good cause exists to seal exhibit

14  one, and will allow the document to remain sealed for the time being.  In the future, Plaintiff is cautioned

15  to make arguments based upon both the applicable caselaw and the applicable and accurate procedure

16  and facts of the case.

17    Accordingly, for good cause shown,

18    **IT IS ORDERED** that Plaintiff's motion to seal the exhibits to her reply to Defendants'

19  response to Plaintiff's motion for a protective order, Docket No. 51, is **GRANTED** in part and **DENIED**

20  in part.

21    **IT IS FURTHER ORDERED** that Plaintiff's motion to seal exhibits two and three to her reply

22  is **GRANTED**, and those exhibits shall remain under seal.

23    **IT IS FURTHER ORDERED** that Plaintiff's motion to seal exhibit one to her reply is

24  **DENIED**.  That exhibit shall remain sealed for the time being.  <u>Plaintiff must file a new motion to seal</u>

25  <u>demonstrating good cause to seal exhibit one, no later than September 24, 2015.  Failure to do so may</u>

26  <u>cause the Court to order the exhibit unsealed.</u>

27  . . . .

28  . . . .

3

1      **IT IS FURTHER ORDERED** that Plaintiff must file her reply (Docket No. 50), without the

2  exhibits, on the public docket, <u>no later than September 22, 2015.</u>

3      IT IS SO ORDERED.

4      DATED: September 21, 2015.

 

 

 

                                              _____
NANCY J. KOPPE
United States Magistrate Judge