1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ELKA MAXWELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-00181-JAD-NJK |
| ) | |
| vs. ) | ORDER |
| ) | |
| LAS VEGAS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | (Docket No. 55) |
| Defendants. ) | |
| ) | |

17  Pending before the Court is Plaintiff's motion to seal exhibit 1 to her reply to her motion for
18 protective order. Docket No. 55. Exhibit 1 consists of two pages - the first page has information that
19 indicates that it is part of a statement taken of former Las Vegas Metropolitan Police Department
20 (LVMPD) Police Officer Tyler Campbell by the LVMPD Internal Affairs Bureau (IAB). Docket No.
21 50 at 5. The second page of the exhibit is a transcribed portion of that statement, in which Campbell
22 describes some of events of the day at issue in the instant case. *Id*. at 6. The motion to seal indicates
23 that Plaintiff's request is based on the fact that Defendants designated this document as confidential
24 pursuant to the Court's protective order entered in this case. *See id.* at 3.
25  On September 30, 2015, Defendants' counsel Christian Balducci filed a declaration in support
26 of Plaintiff's motion to seal. Docket No. 57. Balducci states that good cause exists to seal this page of
27 the statement because Campbell "could be subject to ridicule" by others if the one page of his statement
28 remains on the public docket; Campbell's "personal life could be greatly affected particularly given the

reference to his wife" in the statement;[1] and the statement at issue was given to IAB. *Id*. at 3. Additionally, Balducci submits that the "public interest in obtaining an understanding of the mode, manner and course of what transpired" between Campbell and Plaintiff is limited. *Id*.

The facts of the encounter between Plaintiff and Campbell, however, are already on the public docket in great detail. *See*, *e.g.*, Docket No. 1 at 7-8; Docket No. 41 at 2. Additionally, exhibit concerns a portion of Campbell's statement to IAB, and not the opinions or recommendations of any IAB investigators. *See Smith v. Casey*, 2008 WL 2570855, *7 (D.Nev. 2008). Finally, the Ninth Circuit has clearly stated that a showing that public disclosure of documents may lead to embarrassment "will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court therefore finds that Defendants have not shown good cause to seal exhibit 1 to Plaintiff's reply to her motion for protective order. Docket No. 50 at 5-6.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to seal, Docket No. 55, is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than October 5, 2015, Plaintiff shall file exhibit 1 to her reply to her motion to protective order on the public docket.

IT IS SO ORDERED.

DATED: September 30, 2015.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] This reference contains no substantive information about Campbell's wife and is limited to his statement that after having sex with Plaintiff, "...I couldn't believe what I had just done. And uh, and what was I gonna tell my wife." Docket No. 50 at 6.